IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

**THEODORE HOSAFLOOK,**

              **Plaintiff,**

**v.**                                                      **Civil Action No. 1:17-cv-00028**
                                                            **(Judge Irene M. Keeley)**

**OCWEN LOAN SERVICING, LLC,**

              **Defendant.**

### DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO EXCLUDE FROM THE PUBLIC RECORD CONFIDENTIAL DOCUMENTS

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), by counsel, submits

this Motion to Exclude from the Public Record Confidential Documents ("Motion") pursuant to

the Protective Order, ECF No. 32.  Counsel for Plaintiff Theodore Hosaflook ("Plaintiff"), has

notified undersigned counsel that they intend to use confidential policies and procedures at trial.

In response, Ocwen requests that documents marked "CONFIDENTIAL" be excluded from the

public record pursuant to the Protective Order and relevant case law.

### INTRODUCTION

On January 2, 2018, this Court issued a Protective Order which governs the handling of all

confidential, proprietary, and sensitive business information. *See* Protective Order (ECF No. 32).

Pursuant to the Protective Order, Ocwen marked produced internal policy and procedures as

"CONFIDENTIAL" because each contained confidential, proprietary, and sensitive business

information.  Per the Protective Order, if any party wishes to use a document at trial marked

"CONFIDENTIAL" s/he must provide reasonable notice to the party that produced the document.

*See id.* at § II.A.  If the parties are unable to resolve the matter, the party who seeks continued

confidentiality has the burden of persuasion that the document should be withheld from the public

record.  *Id.*  The information that Ocwen seeks to exclude from the contains proprietary business information. Disclosure of such information would clearly harm Ocwen's competitive standing as other loan servicers would have access to said information, and accordingly, the public's right to such information is outweighed by Ocwen's interests in maintaining confidentiality.

## ARGUMENT

"The right of public access to documents or materials filed in a district court derives from two independent sources:  the common law and the First Amendment.".  *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)).  The common law right affords presumptive access to all judicial records and documents.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Stone*, 855 F.2d at 180.  Materials fall within the common law right may be sealed only if "countervailing interests heavily outweigh the public interests in access," and "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."  *Rushford v. New York Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).  "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'"  *Virginia Dep't of State Police*, 386 F.3d at 575 (quoting *Stone*, 855 F.2d at 180).  Specifically, documents filed in connection with a summary judgment motion in a civil case fall within the First Amendment analysis.  *Rushford*, 846 F.2d at 253.

"It is uncontested, however, that the right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon*, 435 U.S. at 598 (1978).  The established exceptions to the presumption of public access includes

circumstances where disclosure might reveal trade secrets or might harm the litigant's competitive standing.  *See Nixon*, 435 U.S. at 598; accord *Under Seal v. Under Seal*, 326 F.3d 479, 485-486 (4th Cir. 2003).

Indeed, the Fourth Circuit acknowledges that "one exception to the public's right of access is where such access to judicial records could provide a 'source[] of business information that might harm a litigant's competitive standing.'" *Woven Elecs. Corp. v. Advance Grp., Inc.*, Nos. 89-1580, 89-1588, 1991 U.S. App. LEXIS 6004 at *17 (4th Cir. Apr. 15, 1991).

The policies and procedures that Plaintiff intends to use at trial contain confidential, proprietary, and sensitive business information regarding Ocwen's corporate policies and procedures with respect to Ocwen's customer service and internal software.  These materials contain business information that provide a competitive market advantage to Ocwen because the proprietary business information includes descriptions of how Ocwen maintains and services customer accounts and applies payments.  Disclosure of such would clearly harm Ocwen's competitive standing as other loan servicers would have access to said information, and accordingly, the public's right to such information is outweighed by Ocwen's interests in maintaining confidentiality.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Ocwen Loan Servicing, LLC respectfully requests this Court maintain confidentiality and exclude documents marked "CONFIDENTIAL" from the public records.

Dated: September 14, 2018

Respectfully submitted,

**OCWEN LOAN SERVICING, LLC**


By:	  /s/ Jason E. Manning
		Of Counsel


Jason E. Manning (WV Bar No. 11277)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile:  (757) 687-1524
E-mail: jason.manning@troutman.com

Massie P. Cooper (WV Bar No. 12654)
Michael C. Litman (WV Bar No. 12178)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1392
Facsimile: (804) 697-1339
E-mail: massie.cooper@troutman.com
E-mail: mike.litman@troutman.com

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Clarksburg Division**

**THEODORE HOSAFLOOK,**

      **Plaintiff,**

**v.**                                  **Civil Action No. 1:17-cv-00028**
                                        **(Judge Irene M. Keeley)**

**OCWEN LOAN SERVICING, LLC,**

      **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2018, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, which will send notice of such

filing to the following CM/ECF participants:

**Counsel for Plaintiff**
Jennifer S. Wagner, Esq.
Lydia C. Milnes, Esq.
MOUNTAIN STATE JUSTICE, INC.
325 Willey Street
Morgantown, WV 26505
E-mail:  jennifer@msjlaw.org
E-mail: lydia@msjlaw.org

/s/ Jason E. Manning
Jason E. Manning (WV Bar No. 11277)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: jason.manning@troutmansanders.com

5