```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**THEODORE HOSAFLOOK,**

      **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 1:17CV28**
                                                    **(Judge Keeley)**

**OCWEN LOAN SERVICING, LLC,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

Pending before the Court is the plaintiff's combined motion to reopen the case and motion to unseal the Court's Memorandum Opinion and Order Denying the Plaintiff's Motion for Partial Summary Judgment and Denying the Defendant's Motion for Summary Judgment ("Memorandum Opinion and Order"). Also pending is the plaintiff's motion to file a reply brief out of time. For the reasons that follow, the Court **DENIES** the motion to file a reply out of time (Dkt. No. 178), **DENIES** the motion to reopen the case (Dkt. No. 176), and **DENIES as MOOT** the motion to unseal (Dkt. No. 176).

### I. BACKGROUND

This case arose from the allegedly abusive loan servicing practices of the defendant, Ocwen Loan Servicing ("Ocwen"). The plaintiff, Theodore Hosaflook ("Hosaflook"), alleged that Ocwen, the servicer of his home mortgage loan, engaged in abuse loan servicing by misrepresenting amounts due, by failing to implement

**HOSAFLOOK V. OCWEN LOAN SERV., LLC.** 1:17CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

a loan modification agreement, and by refusing to accept his payments (Dkt. No. 1-1). Following the close of discovery in the case, the parties filed cross motions for summary judgment.

On September 17, 2019, the Court entered under seal its Memorandum Opinion and Order denying summary judgment (Dkt. No. 166). Shortly thereafter, on September 19, 2018, the parties filed a joint notice of settlement, advising the Court that they had fully resolved the case (Dkt. No. 170). Following a lengthy extension of the deadline for the submission of a proposed dismissal order, the Court entered an agreed order dismissing Hosaflook's claims with prejudice and closing the case on December 27, 2018, more than three months after being advised that the case had been resolved (Dkt. No. 175).

Approximately two weeks later, on January 9, 2019, Hosaflook filed a combined motion to reopen the case under Federal Rule of Civil Procedure 60(b) and motion to lift the seal on the Court's Memorandum Opinion and Order on summary judgment (Dkt. No. 176). In support of his motion to reopen the case, Hosaflook states, in a footnote, that his counsel "inadvertently presented [the dismissal order] before the present issue was resolved." Therefore, his motion is "appropriate under Rule 60(b)(1) ("mistake,

2

**HOSAFLOOK V. OCWEN LOAN SERV., LLC.                           1:17CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

inadvertence") and Rule 60(b)(6) ("any other reason justifying relief")." Id. at 1 n 1. In support of his simultaneously filed motion to unseal, Hosaflook argues that the public's access to the Memorandum Opinion and Order implicates important rights under the First Amendment of the United States Constitution. Id. Ocwen timely filed a response in opposition to both motions on January 23, 2019 (Dkt. No. 177). On February 5, 2019, Hosaflook filed a reply brief six days out of time (Dkt. No. 179)[1], along with a motion for an extension of time to file the reply (Dkt. No. 178), which Ocwen has opposed (Dkt. No. 180). Accordingly, the motions are fully briefed and ripe for decision.

## II. MOTION TO FILE REPLY OUT OF TIME

As a preliminary matter, the Court takes up Hosaflook's motion to file a reply brief six days out of time (Dkt. No. 178). Federal Rule of Civil Procedure 6(b) gives the Court discretion to extend a deadline after its passage upon a showing of "excusable neglect."

---

[1] In pertinent part, Local R. Civ. P. 7.02(b) provides that "[e]xcept for replies to responses to motions for summary judgment, replies shall be filed and served within seven (7) days from the date of service of the response to the motion. L. R. Civ. P. 7.02(b)(2). Accordingly, Hosaflook's reply memorandum was due by January 30, 2019.

3

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

Under the law of the United States Court of Appeals of the Fourth Circuit,

> "'[e]xcusable neglect' is not easily demonstrated, nor was it intended to be . . . 'the burden of demonstrating excusability lies with the party seeking the extension and a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing . . .'" Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir.1995) (quoting In re O.P.M. Leasing Serv., Inc., 769 F.2d 911, 917 (2d Cir. 1985)). A finding of excusable neglect ultimately comes down to a balance of the equities, and the decision whether or not to grant an extension "remains committed to the discretion of the district court." Id. at 532 n.2; see also United States v. Borromeo, 945 F.2d 750, 754 (4th Cir. 1991).

Anderson v. Spencer, No. 5:09CV117, 2011 WL 6748827, at *2 (N.D. W. Va. Dec. 21, 2011) (Stamp, J.). The factors for consideration include (1) "the danger of prejudice to [the non-moving party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was in the reasonable control of the movant," and (4) "whether the movant acted in good faith." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). "Quite obviously, the most important of these factors in deciding whether the 'neglect' was 'excusable' is the proffered reason for it." Anderson, 2011 WL 6748827, at *3 (citing Thompson, 76 F.3d at 534).

**HOSAFLOOK V. OCWEN LOAN SERV., LLC.**                          1:17CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

Moreover, Federal Rule of Civil Procedure 7 provides, in relevant part, that "[a] request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) **state with particularity the grounds for seeking the order**; and (C) state the relief sought." Fed. R. Civ. P. 7(b)(1) (emphasis added). Thus, a motion for relief pursuant to Rule 6(b)(2) must state with specificity the basis for the requested relief pursuant to Rule 7(b)(1).

Here, Hosaflook's motion fails to state with particularly the grounds for seeking an extension of time to file his reply brief. In fact, the only basis Hosaflook sets forth for the untimely filing of his brief is "inadvertent clerical error" (Dkt. No. 178). Thus, the "most important" equitable factor, the proffered reason for the neglect, weighs against Hosaflook: his attorney simply failed to calendar the correct date for the filing of a reply brief. Further, the Court observes that Hosaflook's counsel has litigated multiple cases in the Northern District of West Virginia with awareness of the local rules and deadlines for filing a timely reply brief. In addition, his counsel has previously moved for extensions of time to comply with the Court's deadlines in this matter, <u>see, e.g.,</u> Dkt. No. 108 (seeking extension of time to

**HOSAFLOOK V. OCWEN LOAN SERV., LLC.**  1:17CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

submit exhibit binders to the Court), and has otherwise failed to pay careful attention to the timely filing of documents in the case, see, e.g., Dkt. No. 176 (seeking to reopen the case due to "inadvertently" submitting a proposed dismissal order prior to moving to lift the seal on the Memorandum Opinion and Order at issue).

Consequently, finding no excusable neglect for Hosaflook's failure to timely file his reply brief and no good cause to permit him to do so out of time, the Court **DENIES** his motion (Dkt. No. 178), and will not consider the reply filed at Docket Entry 179 in its determination of the pending motion to reopen the case and motion to unseal.

### III. MOTION TO REOPEN THE CASE

The Court turns next to Hosaflook's motion to reopen the case under Federal Rule of Civil Procedure 60(b)(1) or 60(b)(6) (Dkt. No. 176), which Ocwen opposes as procedurally improper (Dkt. No. 177).

In relevant part, Rule 60(b) provides that "on motion and just terms, the court may relieve a party . . . from a final judgment, order or proceeding" for (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies

**HOSAFLOOK V. OCWEN LOAN SERV., LLC.** 1:17CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

relief. Fed. R. Civ. P. 60(b). The Court will address each proffered basis for relief, in turn, below.

**A. Mistake and Inadvertence**

Disposition of a motion under Rule 60(b) is committed to the discretion of the district court. As this Court has previously recognized, Rule 60(b)(1), which applies to "mistake, inadvertence, surprise, or excusable neglect," is a demanding standard. Camastro v. W. Virginia Alcohol Beverage Control Comm'n, No. 5:14CV67, 2015 WL 9244286, at *3 (N.D. W. Va. Dec. 17, 2015). Some attempt must be made by the movant to show why he was justified in failing to avoid mistake or inadvertence, and "[a] party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010) (internal citations omitted).

Moreover, the Fourth Circuit has consistently held that routine inattentiveness by counsel does not afford a basis for relief from a judgment or order. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010) ("[Attorney inattentiveness toward the pending litigation is not excusable under Rule 60(b)."); Evans v. United Life & Acc. Ins. Co., 871 F.2d

7

**HOSAFLOOK V. OCWEN LOAN SERV., LLC.                          1:17CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

466, 472 (4th Cir. 1989) ("[A] lawyer's ignorance or carelessness do[es] not present cognizable grounds for relief under 60(b)."); see also Camastro, No. 5:14CV67, 2015 WL 9244286, at *4 (citing Evans for this proposition). Here, Hosaflook's counsel avers that she "inadvertently" presented the parties' agreed dismissal order for entry prior to moving to lift the seal on the Court's Memorandum Opinion and Order denying summary judgment (Dkt. No. 176 at 1 n. 1). This explanation is simply insufficient.

On September 17, 2018, the Clerk of Court informed Hosaflook's counsel via email that the Court had issued its Memorandum Opinion and Order on summary judgment under seal. See Dkt. No. 166 (reflecting that the Order had been entered under seal and emailed to counsel of record). During a pretrial conference held with the parties and their counsel on the same date (Dkt. No. 167), the Court articulated on the record its reasons for sealing the Order. Likewise, Hosaflook's counsel was clearly aware of the December 21, 2018 deadline for the submission of a proposed dismissal order, as the parties had requested this deadline themselves (Dkt. Nos. 172; 173).[2]

---

[2] By Order entered on November 8, 2018, the Court granted the parties' joint motion to extend the deadline for the submission of a dismissal order by forty-five (45) days, and directed the parties

**HOSAFLOOK V. OCWEN LOAN SERV., LLC.**                                    **1:17CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

Nevertheless, at no time between the Court's entry of its Memorandum Opinion and Order in September 2018 and counsel's submission of the parties' agreed dismissal order in December 2018,[3] a period spanning more than three (3) months, did Hosaflook move to lift the seal on the Court's Order. Other than the mere inadvertence of his counsel, Hosaflook offers no excuse for neglecting to file his motion to unseal prior to submitting the agreed dismissal order. Because the so-called "inadvertent" entry of the Court's dismissal order can be attributed solely to the oversight of his counsel, Hosaflook has failed to establish that he is entitled to relief under Rule 60(b)(1).

**B.   Any Other Reason Justifying Relief**

A party may also move the Court to vacate a final judgment for "any . . . reason that justifies relief." Fed. R. Civ. P.60(b)(6). This provision "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 615 (1949).

---

to forward an appropriate dismissal order on or before December 21, 2018 (Dkt. No. 173).

[3] Counsel for Hosaflook filed the parties' proposed dismissal order on December 27, 2018, six (6) days after the Court's extended deadline (Dkt. No. 174). The Court entered the agreed order on the same date (Dkt. No. 175).

**HOSAFLOOK V. OCWEN LOAN SERV., LLC.**  1:17CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

"While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." Aikens v. Ingram, 652 F.3d 496, 500-01 (4th Cir. 2011) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n. 11, 864 (1988)). "[E]xtraordinary circumstances [are those] that create a substantial danger that the underlying judgment was unjust." Murchison v. Astrue, 466 F. App'x 225, 229 (4th Cir. 2012) (citation omitted).

As Chief Justice Rehnquist noted in his separate opinion in Liljeberg, "[t]his very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." 486 U.S. at 873 (Rehnquist, C.J., dissenting) (citations omitted). The Fourth Circuit has similarly observed that "[t]o give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments[.]" Aikens, 652 F.3d at 501 (citing Rule 59 (requiring that motions for new trial or to alter or amend a judgment be filed no later than 28 days after the entry of judgment); Rule 6(b)(2) (providing that a court may not extend the time to file motions under Rules 50(b), 50(d), 52(b), 59(b), 59(d),

**HOSAFLOOK V. OCWEN LOAN SERV., LLC.**                              **1:17CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

59(e), and 60(b)); and Federal Rule of Appellate Procedure 4(a) (requiring generally that appeals be filed within 30 days after judgment)).

Here, Hosaflook contends that relief under Rule 60(b)(6) is warranted because he seeks to reopen the case in order to file a "procedural" motion to unseal, which purportedly "advances an important constitutional right of the public to view court records" (Dkt. No. 176 at 1 n. 1). More specifically, he contends that the Court did not follow an appropriately "deliberative" process when it elected to enter its Memorandum Opinion and Order on summary judgment under seal, and that, "[i]f such a deliberative process had been followed, the Order would presumably have not been sealed." See id. at 4-5. Thus, at bottom, Hosaflook requests that the Court reopen this closed case in order to reconsider its prior decision to seal its Order denying summary judgment.

The Fourth Circuit has consistently held, however, that "[t]o the extent that a post-judgment motion s[eeks] to have the district court reconsider its prior ruling with respect to [issues addressed in the district court's original order], it [is] clearly improper, because Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." CNF Constructors, Inc. v.

**HOSAFLOOK V. OCWEN LOAN SERV., LLC.**                              **1:17CV28**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

Donohoe Const. Co., 57 F.3d 395, 400 (4th Cir. 1995) (third and fourth alterations in original) (quoting United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982)). Where "the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." Williams, 674 F.2d at 313 (citation omitted); Sabatino v. Pill, No. 1:17CV72, 2017 WL 6329952, at *2 (N.D. W. Va. Dec. 11, 2017) (Stamp, J.) ("[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b).").

The Court agrees with Ocwen that Hosaflook's motion to reopen is such a post-judgment motion not authorized under Rule 60(b). As noted above, on September 17, 2018, the Court entered under seal its Memorandum Opinion and Order on summary judgment and, during a pretrial conference on the same day, articulated on the record its reasons for sealing the Order (Dkt. Nos. 166; 167). During that hearing, the Court also took up Ocwen's related "Motion to Exclude from the Public Record Confidential Documents" (Dkt. No. 163), which it granted by Order entered on September 19, 2018. See Dkt. No. 169. Thus, to the extent that Hosaflook seeks to reopen the case in order to move the Court to unseal the Memorandum Opinion

**HOSAFLOOK V. OCWEN LOAN SERV., LLC.**                                    1:17CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**
**HOSAFLOOK V. OCWEN LOAN SERV., LLC.**                                    1:17CV28

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO FILE REPLY OUT OF TIME [DKT. NO. 178], DENYING MOTION TO REOPEN THE CASE [DKT. NO. 176], AND DENYING AS MOOT MOTION TO UNSEAL [DKT. NO. 176]**

and Order, his motion requests reconsideration not authorized by Rule 60(b). Williams, 674 F.2d at 312.

Therefore, while recognizing the public's presumptive right of access to judicial documents and records afforded by the common law and the First Amendment, the Court declines to disturb the finality of the judgment in this closed civil action upon a party's request for reconsideration of a legal issue already addressed in earlier rulings. Because Hosaflook has failed to sustain the heavy burden of establishing entitlement to relief under Rule 60(b), the Court **DENIES** his motion to reopen the case (Dkt. No. 176).

## IV. CONCLUSION

In conclusion, for the reasons discussed, the Court **DENIES** Hosaflook's motion to file a reply brief out of time (Dkt. No. 178) and **DENIES** his motion to reopen the case (Dkt. No. 176). It further **DENIES as MOOT** his motion to unseal (Dkt. No. 176).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record, and to strike this case from the Court's active docket.

DATED: July 30, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE